John Nadolenco (SBN 181128)
MAYER BROWN LLP
350 South Grand Avenue
25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
jnadolenco@mayerbrown.com

Lauren R. Goldman
*(pro hac vice application to be filed)*
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 506-2647
lrgoldman@mayerbrown.com

Archis A. Parasharami
*(pro hac vice application to be filed)*
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3328
aparasharami@mayerbrown.com

*Counsel for Defendant Facebook, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:16-cv-00937<br><br>CALIFORNIA STATE COURT CASE NO. CIV537117<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT FACEBOOK, INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>(DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT) |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Facebook, Inc. ("Facebook") hereby removes to this Court the state-court action described below.

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441, as discussed in more detail below.

## BASES FOR DIVERSITY AND REMOVAL

1. On January 26, 2016, Plaintiff Frederick William Gullen filed a putative class action in the Superior Court of the State of California, County of San Mateo, entitled: *FREDERICK WILLIAM GULLEN, On Behalf Of Himself And All Others Similarly Situated, Plaintiff, vs. Facebook, Inc., Defendant*, Case Number CIV537117.

2. On January 27, 2016, Facebook was served with the Summons, Civil Case Cover Sheet, Certificate Re Complex Case Designation, Notice of Case Management Conference, Complaint, and Amended Complaint (filed January 27, to correct an error in the original January 26 Complaint). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Facebook are attached to this Notice of Removal as Exhibit 1.

3. This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Superior Court of the State of California, County of San Mateo is located within the Northern District of California. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5. The Court has jurisdiction over this action pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to grant federal district courts original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million, and where any member of the

class of plaintiffs is a citizen of a state different from any defendant. As set forth below, this action satisfies each of these requirements for original jurisdiction under CAFA.

6. **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see* 28 U.S.C. § 1453(a). Plaintiff's Amended Complaint repeatedly describes his state-court action as a class action. *See, e.g.*, Amended Complaint ¶¶ 6, 35.

7. **Class Action Consisting of More than 100 Members.** The Amended Complaint alleges that "[t]he number of persons within the Class is substantial and is believed to amount to thousands of people." Amended Complaint ¶ 36. Accordingly, the Amended Complaint alleges that the aggregate number of putative class members is at least 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

8. **Diversity.** Pursuant to 28 U.S.C. § 1332(d)(2)(A), Plaintiff is a "citizen of a State different from any defendant." Plaintiff alleges that he is "a resident and citizen of Illinois." Amended Complaint ¶ 7. Plaintiff also alleges that "Facebook is a citizen of the states of Delaware and California." *Id.* ¶ 8. Accordingly, Plaintiff is a citizen of a state different from Facebook, the only defendant, satisfying the minimal diversity requirements of 28 U.S.C. § 1332(d)(2)(A).

9. **Amount in Controversy.** Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). While Facebook denies the claims alleged in Plaintiff's Amended Complaint and further denies that Plaintiff, or any putative class member, is entitled to any monetary or other relief, the amount in controversy here satisfies the jurisdictional threshold. Plaintiff seeks statutory damages of up to $5,000 per violation from Facebook for each putative class member (*see* Amended Complaint ¶ 49), and

alleges that there are "thousands of people" in the class (*id.* ¶ 36). Multiplying $5,000 for each putative class member by two "thousand[]" putative class members (the minimum putative class size alleged based on Plaintiff's allegation that there are "thousands" of class members) yields an amount in controversy of $10 million—well in excess of $5 million. Indeed, when Plaintiff previously filed this same action on behalf of a virtually identical class in federal court in Illinois, he pled in support of CAFA jurisdiction that "[t]here are likely tens of thousands of individuals, who, while residing in Illinois, had their photos uploaded to Facebook even though they are not users of Facebook." Class Action Complaint, *Gullen v. Facebook, Inc.*, No. 1:15-cv-07681 (N.D. Ill. Aug. 31, 2015) (Ex. 2) at ¶ 9. (That lawsuit was dismissed for lack of personal jurisdiction (*Gullen v. Facebook.com. Inc.*, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016)), and Plaintiff subsequently filed this lawsuit in California.)

10. In accordance with 28 U.S.C. § 1446(d), Facebook is serving Plaintiff with a copy of a Notice to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, in the form of Exhibit 3, which is incorporated by reference.

11. Pursuant to 28 U.S.C. § 1446(d), Facebook is also filing in the Superior Court of the State of California, County of San Mateo, and will serve the same upon Plaintiff, a Notice to Superior Court of Filing of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, in the form of Exhibit 4, which is incorporated by reference.

Dated:   February 25, 2016

                                      Facebook, Inc.

                                      By:  s / *John Nadolenco*
                                                  John Nadolenco
                                                  Lauren R. Goldman
                                                  Archis A. Parasharami

                                      *Counsel for Defendant Facebook, Inc.*