UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WILLIAM GULLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No. 3:16-cv-00937-JD<br><br>**ORDER RE RENEWED MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 93 |

Gullen is an Illinois resident who alleges that defendant Facebook, Inc. ("Facebook") has collected and stored his biometric information in violation of the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. 14/1 *et seq.* ("BIPA"). Dkt. No. 1-1. Gullen filed suit in California state court. The case was removed by Facebook to federal court and related to the consolidated action *In re Facebook Biometric Info. Privacy Litig.*, Case No. 15-3747. Dkt. No. 25. The primary difference between the two actions is that Gullen is not a Facebook user, whereas the plaintiffs in *In re Facebook* are. The operative complaints in the two cases are otherwise much the same. The relevant factual background is summarized at *In re Facebook Biometric Info. Privacy Litig.*, No. 3:15-CV-03747-JD, 2018 WL 1050154, at *1-2 (N.D. Cal. Feb. 26, 2018).

Facebook filed simultaneous motions to dismiss for lack of subject matter jurisdiction in *Gullen* and in *In re Facebook*, arguing that plaintiffs lack Article III standing. Dkt. No. 93. Facebook has treated the question of standing here as it did in *In re Facebook*. The same result ensues for the reasons stated in the order denying dismissal.

The fact difference between the cases that Facebook points to does not lead to a different conclusion at this stage. Facebook offers evidence that Facebook does not store face templates for non-users. Dkt. No. 98-4 at 10; Dkt. No. 253 (Case No. 15-3747) at 38-39 (photo of a non-user is "analyzed to see if it matches anything . . . because it's like any other system where you have to

1   see whether people are users or non-users.  But what we don't do is save any information about
2   them.").
3        Facebook styles this as a factual attack on subject matter jurisdiction, for which the Court
4   "may review evidence beyond the complaint without converting the motion to dismiss into a
5   motion for summary judgment" and "need not presume the truthfulness of the plaintiff's
6   allegations."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (citations omitted).  But a
7   "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue
8   and substantive issues are so intertwined that the question of jurisdiction is dependent on the
9   resolution of factual issues going to the merits of an action."  *Id.* (internal quotations and citations
10  omitted).  Facebook's evidence goes to the merits of the case -- whether Facebook in fact collects
11  and stores non-users' biometric information as contemplated by BIPA -- and is properly resolved
12  on a motion for summary judgment or at trial, not in the jurisdictional context.
13       The motion to dismiss for lack of subject matter jurisdiction is **DENIED**.
14       **IT IS SO ORDERED.**
15  Dated:  March 2, 2018

JAMES DONATO
United States District Judge