UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WILLIAM GULLEN,<br><br>  Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>  Defendant. | Case No. 3:16-cv-00937-JD<br><br>**ORDER RE MOTION TO AMEND CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 129 |

Plaintiff Gullen filed this action in California Superior Court on January 26, 2016. Dkt. No. 1-1. The complaint alleged that defendant Facebook, Inc. violated the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. 14/1 *et seq.* ("BIPA"), by collecting Gullen's biometric identifiers without notice or consent. *Id.* at 6-7; *see also Patel v. Facebook Inc.*, __ F. Supp. 3d. __, No. 3:15-cv-03747-JD, 2018 WL 1050154, at *1 (N.D. Cal. Feb. 26, 2018) (factual background). Gullen sought to represent "[a]ll non-Facebook users who, while residing in the State of Illinois, had their biometric identifiers, including 'face templates' (or 'face prints'), collected, captured, received, stored, used, or otherwise obtained by Facebook." Dkt. No. 1-1 at 9. Facebook timely removed to federal court under the Class Action Fairness Act. Dkt. No. 1.

The Court issued a scheduling order under Federal Rules of Civil Procedure Rule 16 setting September 30, 2016 as the deadline to add parties or amend pleadings. Dkt. No. 45 at 2. As the scheduling order expressly stated, this was a firm deadline. Gullen now moves to amend the complaint by adding a second named plaintiff and by narrowing the class definition. Dkt. No. 129-1 at 8-10. The motion was filed on January 19, 2018 -- almost a year and a half after the deadline to amend. By Gullen's own admission, the purpose of adding an additional named plaintiff is to shore up potential deficiencies in Gullen's individual claims that were identified in Facebook's motion for summary judgment, filed on December 8, 2017. Dkt. No. 129 at 7 ("to

protect the putative non-user class in the event [that Facebook performed no facial recognition on Gullen's photos], Plaintiff Gullen . . . request[s] leave to file the First Amended Class Action Complaint").

Rule 16 governs Gullen's request to amend his complaint. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). The Court's deadline for amended pleadings "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . If that party was not diligent, the inquiry should end." *Mammoth Recreations*, 975 F.2d at 609.

The required degree of diligence is missing here. In December 2016, Gullen received dozens of documents from Facebook referring to the fact that Facebook does not apply facial recognition to photographs uploaded to Facebook "pages." Dkt. No. 125-1 at 1-2 ("recognition wasn't necessary for page photos and so it was left out of the upload flow"). On January 31, 2017, Gullen produced the two Facebook photos in which he is featured but did not request discovery on those photos until November 7, 2017. Dkt. No. 135 at 4. Facebook responded on November 17, 2017, and advised Gullen that one of the photographs was uploaded from Michigan, while the other photograph was uploaded to an organizational account. *See* Dkt. No. 135-1 at 2; Dkt. No. 135-7 at 5-6.

None of these undisputed facts suggests good cause for delaying a request to amend to this late date, when discovery is closed, expert reports have been exchanged, and motions for class certification and summary judgment are fully briefed and ready for hearing and disposition. Gullen says that he could not have known that Facebook documents discussing "pages" referred to business or organizational accounts. Dkt. No. 137 at ECF p.3. But "pages" is hardly a veiled or coded word, and Gullen was perfectly free to ask Facebook witnesses directly about what the terms "recognition" and "pages" referred to. He never did. Nor do the deposition excerpts submitted by Gullen indicate gamesmanship or sandbagging on Facebook's part. In October 2016, Facebook's 30(b)(6) witness listed some situations where Facebook does not collect face

2

templates, but did not claim to have listed all such situations. Dkt. No. 129-5. In October 2017, another Facebook witness told Gullen that he was "not familiar with all the products that are uploading photos. But not all of them are doing face detection." Dkt. No. 129-8. He offered a number of examples and stated unequivocally that a Facebook presentation slide stating "Process 100 percent FB photos" was not correct. Dkt. No. 135-6 at 104-06.

The motion to amend is **DENIED**. For the parties' guidance, this order has no bearing on how the Court will conduct class certification pursuant to Rule 23. *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005) (district courts have "broad discretion" over class certification and "may redefine the class, may excise portions of a plaintiff's class allegations, and may even decertify the class") (citations omitted).

**IT IS SO ORDERED.**

Dated: March 12, 2018

JAMES DONATO
United States District Judge