United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK WILLIAM GULLEN,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:16-cv-00937-JD<br><br>**ORDER RE SUMMARY JUDGMENT**<br>Re: Dkt. No. 106 |

In this putative class action, plaintiff Gullen alleges that defendant Facebook, Inc. violated the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. 14/1 *et seq.* ("BIPA"), by collecting his biometric identifiers without notice or consent. Dkt. No. 1-1 at 6-7; *see generally Patel v. Facebook Inc.*, __ F. Supp. 3d. __, No. 3:15-cv-03747-JD, 2018 WL 1050154, at *1 (N.D. Cal. Feb. 26, 2018) (factual background). Facebook has moved for summary judgment on a number of grounds here and in the companion case *In re Facebook Biometric Privacy Litigation*, Case No. 15-3747. Dkt. No. 105. In a "supplemental brief" directed entirely to Gullen's case, Facebook says that his claims are based on a single photograph uploaded to an organizational, as opposed to personal, page, and that Facebook did not use its facial recognition technology for that page. Dkt. No. 106. Since Gullen has not raised any genuine dispute about this fact, the motion is granted on this ground. The Court does not reach any of Facebook's other arguments in the supplemental brief or other summary judgment papers.

"A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Smith v. State of California Dep't of Highway Patrol*, 75 F. Supp. 3d 1173, 1179 (N.D. Cal. 2014).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict" for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it could affect the outcome of the suit under the governing law. *Id.* at 248-49. In determining whether a genuine dispute of material fact exists, the Court will view the evidence in the light most favorable to the non-moving party and draw "all justifiable inferences" in that party's favor. *Id.* at 255. A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The moving party must initially establish the absence of a genuine issue of material fact, which it can do by "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. It is then the nonmoving party's burden to go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Id.* at 323-34. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). In addition, it is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotations omitted).

The dispositive material facts here are straightforward, and Gullen has not shown that they are in dispute. He concedes that he has identified only two photos of himself on Facebook. One was taken in Pennsylvania and uploaded in Michigan. The other was uploaded to an organizational account -- a Facebook page run by an organization, rather than an individual. Dkt. No. 104-6 at 4. At the summary judgment hearing, Gullen confirmed that his claims are based solely on the organizational page photograph.

The record shows that Facebook does not use facial recognition technology on photos uploaded to organizational accounts. Facebook submitted a declaration from software engineer Omry Yadan stating that "facial recognition is not performed on photos that are posted on business or other organization Facebook Pages." Dkt. No. 256-8 at 5.[1] While Gullen criticizes the

---

[1] Briefing on Facebook's motion for summary judgment against Gullen took place largely on the docket for the companion action, *In re Facebook Biometric Privacy Litigation*, Case No. 15-3747. This citation and citations going forward are to the *In re Facebook* docket unless otherwise noted.

2

declaration as self-serving, Dkt. No. 271-4 at 10-11, he offers no facts or evidence to call that statement into question. Gullen says that "much of Mr. Yadan's declaration directly contradicts his earlier testimony," *id.* at 11, but that is a purely conclusory assertion, and Gullen never explains which part of Yadan's declaration may be subject to genuine dispute.

This state of the record is enough to terminate Gullen's claims, and his suggestion that summary judgment should be deferred to allow for more discovery is unavailing. *See* Dkt. No. 271-34. Gullen professes surprise at Yadan's declaration, and says he would like to "re-open Yadan's deposition" to ask him about the organizational page practices and require him to identify the specific source code supporting his testimony. *Id*. at 5-6. The problem with this request is that by December 2016, Facebook had already produced documents stating that Facebook does not apply facial recognition to photographs uploaded to the Facebook organizational pages. *See, e.g.*, Dkt. No. 125-1 at 1-2 (*Gullen* action) ("recognition wasn't necessary for page photos and so it was left out of the upload flow"). Gullen had this information in hand before his expert finished reviewing Facebook's facial recognition source code and before Gullen deposed Yadan in October 2017. His lawyer acknowledged this at the hearing. Tr. at 9-11. Gullen was free during discovery to pursue these leads by interrogating Facebook and its witnesses about the exclusion of "page photos" from the facial recognition technology, and about the portions of the source code that might implement that. He did not do so, and instead waited until after summary judgment proceedings were initiated in December 2017 to raise the issue.

This is not at all the situation Rule 56(d) is intended to address. Rule 56(d) "requires discovery only where the non-moving party has not had the opportunity to discover information that is essential to its opposition." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (internal quotation and citation omitted). Gullen had ample opportunity to conduct discovery on organizational pages, and he has not shown that the discovery he now seeks was in any way unavailable to him in the normal course of litigation.

Even so, the record does not indicate that Yadan said anything inconsistent or untruthful about Facebook's practices for organizational pages. Yadan testified during his deposition that not all photos uploaded to Facebook undergo facial recognition. Dkt. No. 271-8 at 106-108

3

(discussing photos uploaded to Facebook comments and stating that "there are others [other examples]. It's just that there are so many ways for photos to get into Facebook, and not all of them -- it doesn't always make sense for them to go through this [face recognition]"). Gullen contends that the testimony of another Facebook witness, Yaniv Taigman, contradicts Yadan, but that stretches the evidence too far. Gullen highlights Taigman's answer to the question: "Facebook has to collect face signatures from everybody who appears on a photo upload to Facebook in order to determine whether there's a match; isn't that right?" Dkt. No. 271-7 at 240. Taigman did not respond with yes or no, but attempted to re-explain the steps in Facebook's facial recognition software: "So, like we said, photos uploaded to Facebook, we extract. Like, face detection process, then create face signature, and then, yes, you try to match that into whatever your -- you have, right?" *Id.* This snippet of testimony does not bear the weight Gullen puts on it because the question does not contemplate the possibility that some photos uploaded to Facebook are not analyzed for user matches, and because neither the question nor the answer expressly addressed organizational pages.

In a final effort to avoid summary judgment, Gullen's counsel read at the hearing another portion of Taigman's deposition with the comment "transcript's on file." Tr. at 5. The quoted transcript portion might be buried somewhere in the voluminous record for this litigation, but the Court has determined that it was not filed for the pending summary judgment motion, nor discussed at all in the opposition brief, and consequently is of no moment. Even giving Gullen every benefit of the doubt, the excerpt again does not inherently contradict the Yadan declaration or other evidence in the record with respect to Facebook's organizational page practices.

On the record before the Court, Gullen has failed to show that a genuine dispute exists as to whether Facebook runs facial recognition on photos uploaded to organizational pages. Facebook's motion for summary judgment is **GRANTED** as to Gullen.

**IT IS SO ORDERED.**

Dated: April 3, 2018

_____
JAMES DONATO
United States District Judge