CAREY RODRIGUEZ MILIAN GONYA, LLP
David P. Milian
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475
Email: dmilian@careyrodriguez.com

*Counsel for Plaintiff and the Putative Class*

BOTTINI & BOTTINI, INC.
Albert Y. Chang (SBN 296065)
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone: (858) 914-2001
Facsimile: (858) 914-2002
Email: achang@bottinilaw.com

*Local Counsel for Plaintiff and the Putative Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 3:16-cv-0937-JD<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS (DE 167; 167-1)** |

Plaintiff, Frederick William Gullen, hereby objects to the Bill of Costs and Itemization of Costs pursuant to Local Rule 54-2(a) submitted by Defendant Facebook, Inc. ("Facebook").

**I.     INTRODUCTION**

Facebook improperly seeks to have Mr. Gullen pay the following costs: (1) Facebook's numerous *pro hac vice* filings ($1,540); (2) half the costs of transcripts and related videotapes for depositions of Facebook's employees, two of Plaintiff's experts, and Facebook's own expert even though the depositions were taken (and are currently being used by all parties) in the

consolidated *In re Facebook Biometric Information Privacy Litigation*, Case No. 3:15-cv-3747-JD (the "User Cases") ($7,170.01); (3) duplication costs where the proffered documentation does not support the cost figures and where the documents were copied, produced and are being used in the User Cases ($650.62); and (4) two hearing transcripts ($226.30), where there were no appeals and the hearings did not contain statements of the Court that were to be reduced to a formal order prepared by counsel and that are otherwise not allowable pursuant to Local Rule 54-3.

Finally, Facebook's bill of costs should be rejected in its entirety because Facebook failed to submit a sworn affidavit within 14 days of entry of judgment, pursuant to 28 U.S.C. § 1924, attesting that "the costs are correctly stated, were necessarily incurred, and are allowable by law." *See* Civ. L.R. 54-1(a). For the reasons set forth below, Mr. Gullen's objections should be sustained.

## II.     MR. GULLEN'S OBJECTIONS TO BILL OF COSTS

Local Rule 54-1 requires a prevailing party claiming taxable costs to serve a bill of costs no later than 14 days after entry of judgment, stating each item specifically and separately. Civ. L.R. 54-1(a). The bill of costs must also be supported by an affidavit, pursuant to 28 U.S.C. § 1924, that the costs are stated correctly and incurred necessarily, and the bill of costs must attach supporting documentation for each item claimed. *Id.*

### A.     Facebook's *Pro Hac Vice* Application Costs Are Not Recoverable

Facebook seeks reimbursement of costs for applications for five of its lawyers for admission *pro hac vice*. *See* D.E. 167-1 at 2. These costs are not allowable. Local Rule 54-3 allows for recovery of the "Clerk's filing fee … if paid by the claimant." Nothing in the rules or statutes permits reimbursement for fees associated with counsels' applications for admission *pro hac vice*. Moreover, the Ninth Circuit has previously held that *pro hac vice* admission fees are <u>not</u> recoverable as taxable costs:

> [B]ecause § 1914(b) allows a clerk to collect only those fees prescribed by the Judicial Conference, and the Judicial Conference has not specifically provided for *pro hac vice* fees, we conclude that § 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs.

*Kalitta Air v. Cent. Texas Airborne Sys.*, 741 F.3d 955, 958 (9th Cir. 2013). Accordingly, Mr. Gullen's objections to Facebook's request to tax $1,540 in costs associated with *pro hac vice* admissions should be sustained.

### B.    Costs Associated With Two Hearing Transcripts Are Not Recoverable

Facebook seeks to recoup the costs associated with two hearing transcripts totaling $226.30, citing Local Rule 54-3(b)(1) as support ("[t]he cost of transcripts necessarily obtained for an appeal is allowable"). These costs are likewise not recoverable. There were no interlocutory appeals filed in the *Gullen* action. Further, as the invoices Facebook attaches as Exhibit 1 make clear (D.E. 167-2), the two hearings at issue were conducted in connection with the User Cases (referencing case style 3:15-cv-3747-JD, *In re: Facebook Biometric Information Privacy Litigation*) as much as the *Gullen* case.

Facebook does not refer to Local Rule 54-3(b)(2) as authority for its request. Local Rule 54-3(b)(2) permits recovery of only the "cost of a transcript of a statement of a Judge from the bench [that] is to be reduced to a formal order prepared by counsel." Civ. L.R. 54-3(b)(2). This Court never directed counsel to reduce to a formal order any statement made of record that might have been contained in the two transcripts.

Finally, Local Rule 54-3(b)(3) expressly forecloses taxing costs associated with the two transcripts: "The cost of other transcripts is not normally allowable unless, before it is incurred, it is approved by a Judge or stipulated to be recoverable by counsel." *Id.* (emphasis supplied). No such approval by this Court or stipulation of counsel exists. Mr. Gullen's objection should be sustained.

### C.    Costs of Seven Depositions in the Consolidated Actions Are Not Taxable

Facebook seeks reimbursement for the depositions of its employees Yaniv Taigman (transcript), Rob Sherman (transcript), Dan Barak (transcript and video), and Omry Yadan (transcript and video). In addition, Facebook seeks reimbursement for the deposition transcripts and video recordings of Plaintiffs' experts Dr. Atif Hashmi and Jeffrey Dunn, and Facebook's expert, Matthew Turk. D.E. 167-1 at 2–4.

### (1)  Costs of Transcripts

The *Gullen* action was consolidated for discovery purposes with *In re Facebook Biometric Information Privacy Litigation*, which is itself comprised of three cases filed by three separate plaintiffs. The depositions were taken in connection with the *Gullen* action and the currently pending and related User Cases. Indeed, there are pending cross-motions for summary judgment, in which the transcripts at issue are being relied upon by Facebook and the three plaintiffs comprising the consolidated User Cases.[1] Given the parallel nature of the discovery in the User Cases and *Gullen* action, Facebook would have incurred the costs associated with these depositions notwithstanding the pendency of *Gullen*. Moreover, there is no evidence that these depositions were made costlier by virtue of the pendency of *Gullen*. To the contrary, the transcripts have been introduced and are being used in connection with pending motions for summary judgment in the User Cases. They were also used in connection with the motion for class certification in the User Cases, which the Court recently granted. Facebook would have incurred the same costs for these depositions had the depositions been taken solely in connection with the User Cases. Stated differently, Facebook incurred no additional incremental costs in connection with the depositions by virtue of defending against the *Gullen* case. Because the transcripts were ordered in the User Cases and are currently being relied upon by the parties in the User Cases, it would be improper to tax Mr. Gullen with these costs.

In addition to the above, Facebook's requests for payment of costs associated with the transcript of Yaniv Taigman and Rob Sherman should be denied in their entirety because Facebook fails to attach documentation supporting the charges. Instead, Facebook asserts that it arrived at the cost figure associated with each transcript by applying a "40% reduction to the total charge of [$3,326.61 for Yaniv Taigman; and $2,204.40 for Rob Sherman], which reflects the approximate percentage of charges not specifically related to these items in the more detailed deposition invoices that are attached to Facebook's bill of costs." The assignment of a 40%

---

[1] *See In re Facebook Biometric Information Privacy Litigation*. Case No. 3:15-cv-3747-JD, D.E 338-3; D.E. 257-1; D.E.272; D.E. 278; D.E. 285-9; D.E. 306.

4

Objections to Bill of Costs                                                                 Case No. 3:16-cv-0937-JD

reduction is arbitrary and falls far short of the requirement that Facebook attach supporting documentation for each item claimed.

### (2) Costs of Video Recordings of Facebook's Employees and Expert Are Not Recoverable

Embedded within the cost description for the depositions of Facebook employees Dan Barak, Omry Yadan, and Facebook's designated expert Matthew Turk is a charge for the video recording of each deposition. D.E. 167-1 at 2–4.[2] While costs for both video and printed transcripts of a deposition may, under certain circumstances, be recovered pursuant to § 1920(2), as with any cost item they must have been reasonably necessary to the preparation of the defendant's case in order to be recoverable. It was simply not reasonably necessary for Facebook to have its own employees' and its own expert's deposition in video form. There was no risk that Facebook's employees or its own expert would be unavailable or unwilling to appear for trial. Rather, having the video of witnesses Facebook controls was a luxury, perhaps one that Facebook and its counsel normally expect to enjoy; however, it is not appropriate for Mr. Gullen to pay for it.

### (3) Any Apportionment of Costs Between the User Cases and *Gullen* Should Not Exceed 25%

Facebook claims that if expenses were incurred by Facebook in connection with discovery conducted jointly in the *Gullen* and User Cases, such as for the transcripts at issue, "only half of those expenses are included in Facebook's bill of costs." D.E 167-1 at 3 n.3. For the reasons set forth above, Mr. Gullen should not be charged for any of the costs associated with the seven deposition transcripts. To the extent the Court agrees that some apportionment of costs to Mr. Gullen is appropriate, the Court should consider that the plaintiffs in the User Cases comprise three named plaintiffs represented by three separate law firms. Mr. Gullen was therefore one of four plaintiffs in the consolidated discovery proceedings in which the transcripts

---

[2] Facebook seeks to charge Mr. Gullen for 50% of the following: Dan Barak "$735.00-Video"; Omry Yadan "$1,020.00- Video"; and Dr. Matthew Turk "$168.75-Video Testimony".

at issue were ordered. Accordingly, apportioning 25% (not 50%) of the costs to Mr. Gullen would be more appropriate.

### D. Costs Requested For Formal Discovery/Disclosure Should Not Be Permitted

Facebook seeks reimbursement in the amount of $650.62 for costs of "disclosure/formal discovery documents" pursuant to Local Rule 54-3(d)(2). Because the invoices attached in support of Facebook's bill of costs (D.E. 167-1 Ex. 3) have no clear correlation to the amounts requested, nor is there an objective method for arriving at the numbers Facebook seeks to tax against Mr. Gullen, this request should be denied.

In addition, every document produced by Facebook in discovery was produced one time for both *Gullen* and the User Cases collectively. Facebook incurred no additional cost of production by virtue of the *Gullen* matter. Like the deposition transcripts discussed above, the documents produced by Facebook in discovery continue to be used and relied upon by the parties in the User Cases. For the reasons set forth above in Section C, Mr. Gullen should not be taxed with these costs.[3] To the extent the Court determines that some apportionment is warranted, the Court should consider that Mr. Gullen is one of four plaintiffs in the consolidated cases. Accordingly, any amount apportioned to Mr. Gullen should be no greater than 25% of the requested amount.

### E. Facebook's Bill of Costs Should Be Stricken for Failure to Contain a Sworn Affidavit

A bill of costs must be accompanied by a timely filed affidavit, pursuant to 28 U.S.C. § 1924, attesting that the costs are correctly stated and necessary. Here, Facebook has failed to provide an affidavit in support of its bill of costs. Facebook's failure is a fatal deficiency mandating the denial of Facebook's request in its entirety.

### III. CONCLUSION

For the reasons set forth above, the Court should sustain Mr. Gullen's objections and deny Facebook's request to tax costs.

---

[3] As with the seven deposition transcripts discussed in Section C, Facebook claims its requests include a 50% reduction of the total costs incurred.

Dated: May 1, 2018

Respectfully submitted,

BOTTINI & BOTTINI, INC.

By: s/ Albert Y. Chang

Albert Y. Chang
7817 Ivanhoe Avenue, Suite 102
La Jolla, California 92037
Telephone:   (858) 914-2001
Facsimile:    (858) 914-2002

*Local Counsel for Plaintiff and the Putative Class*

CAREY RODRIGUEZ MILIAN GONYA, LLP
David P. Milian (*pro hac vice*)
dmilian@careyrodriguez.com
1395 Brickell Avenue, Suite 700
Miami, Florida 33131
Telephone: (305) 372-7474
Facsimile: (305) 372-7475

*Counsel for Plaintiff and the Putative Class*