**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK WILLIAM GULLEN, on behalf of himself and all others similarly situated, | No.    18-15785 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00937-JD |
| v. | |
| FACEBOOK, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted June 12, 2019[**]
San Francisco, California

Before:  GOULD and IKUTA, Circuit Judges, and PEARSON,[***] District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

Frederick Gullen appeals the district court's grant of summary judgment to Facebook, Inc. on his claim that Facebook violated the Illinois Biometric Information Privacy Act (BIPA), 740 ICLS 14/1 *et seq.* We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

No reasonable jury could conclude that Facebook subjected the photo uploaded to the Glenview Patch organizational Facebook page (which is the only photo at issue in this appeal) to facial recognition. The record contains declarations from Facebook employees as well as internal emails asserting that at the time the Glenview Patch photo was uploaded, facial recognition was turned off for organizational pages. The record also includes evidence specific to the Glenview Patch photo at issue, showing that Facebook did not subject it to facial recognition. Although Gullen points to emails and testimony indicating that all photos uploaded by individual Facebook users were subject to facial recognition, this evidence does not give rise to a reasonable inference that the particular Glenview Patch photo at issue, which was uploaded to an organizational Facebook page rather than a user page, was subject to facial recognition. Accordingly, the district court did not err in dismissing Gullen's claim that Facebook violated BIPA. *See* 740 ICLS §§ 15, 20.

**AFFIRMED.**

2